# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Aaron Morris Swenson, | Case No. 21-cv-1011 (SRN/HB) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| Scott Hable and Randy Hanson, | |
| Defendants. | |

---

HILDY BOWBEER, United States Magistrate Judge

This action comes before the Court on Plaintiff Aaron Morris Swenson's

(1) Complaint for Violation of Civil Rights (Complaint [ECF No. 1]); (2) Application to

Proceed in District Court Without Prepaying Fees or Costs (IFP Application [ECF No.

2]); and (3) Requested Amended Complaint (Amended Complaint [ECF No. 6]).  For the

following reasons, the Court grants the IFP Application, grants the Amended Complaint

(construed as a motion to amend the Complaint), and recommends dismissing this action

without prejudice.

## I.    BACKGROUND

The Court received the Complaint on April 16, 2021.  (*See* Compl. at 1.[1])

Swenson is presently incarcerated at the Minnesota Correctional Facility in Rush City,

---

[1] All citations to filed documents use the page numbers provided by the Court's CM/ECF
filing system.

Minnesota, but this action concerns events that took place when he was being held by Redwood County but housed in the Renville County Jail. (*See id.* at 4–5, 7; Docket.)

The Complaint names two Defendants, both sued in their official capacities: (1) Scott Hable, the Renville County Sheriff; and (2) Randy Hanson, the Redwood County Sheriff. (*See* Compl. at 1–2.) Swenson alleges that on January 11, 2021, another Renville County Jail inmate assaulted him, leaving Swenson with a "large cut above [his] left eye" and "serious loss of vision." (*Id.* at 5.) Notably, no Complaint allegations detail how Hable or Hanson were involved in this assault—indeed, there are no substantive allegations about the named Defendants at all. (*See id.* at 2–5.) There is only a general statement to the effect that (presumably) Defendants "failed to provide prisoner safety, negligence, violation of inmate movement protocall [sic]." (*Id.* at 4.) For relief, Swenson seeks $600,000 in compensatory damages. (*See id.* at 5.)

Seeking to proceed *in forma pauperis* ("IFP") in this action, Swenson filed the IFP Application alongside the Complaint. (*See* IFP Appl. at 1.) On April 21, 2021, the Court ordered Swenson to provide certain financial information so that the Court could determine his initial partial filing fee under 28 U.S.C. § 1915(b)(1). (*See* Order at 2 [ECF No. 4].) In the first two weeks of May, Swenson filed various documents with the Court, including certain financial material as well as the Amended Complaint. (*See* Mem. of Melissa Swyter, Renville County Jail [ECF No. 5]; Am. Compl.)

The Court construes the Amended Complaint as a motion to amend the original Complaint. The Amended Complaint names the same two Defendants—Hable and Hanson—but no longer specifies the capacities in which Swenson is suing them. (*See*

Am. Compl. at 4.)  The Amended Complaint again recounts Swenson's assault on January 11, 2021, and specifically notes "negl[i]gence" and "failure to provide prisoner safety" as applicable causes of action.  (*Id.* at 4–5 (capitalization amended).)  The Amended Complaint also raises Swenson's damages request to $1,020,000.  (*See id.* at 5.)  As with the original Complaint, however, the Amended Complaint has no allegations explaining how the specific named Defendants were involved in Swenson's assault.  (*See id.* at 4–5.)

After additional filings bearing on Swenson's initial partial filing fee (*see* Order at 4 [ECF No. 11]; Jail Cash Account Sheet [ECF No. 12]), on June 3, 2021, this Court entered an order calculating that fee ($40.65) and indicating that Swenson needed to pay it for this action to proceed.  (*See* Order at 4 [ECF No. 13].)  The Court also gave Swenson the following warning:

> The Court reminds Swenson that if he pays the initial filing fee, the Court will then proceed to screen the Complaint (or the proposed Amended Complaint) pursuant to 28 U.S.C. § 1915(e).  From an initial review of those documents, it appears unlikely the case would survive that screening, as they contain no allegations specifically referring to Defendants—in other words, no allegations explaining how they are connected to Swenson's assault—and therefore do not appear to state a claim against Defendants upon which relief could be granted.  If the initial filing fee is paid and the Complaint and proposed Amended Complaint do not survive the required screening, the case will be dismissed, but Swenson will still be required to pay the remainder of the filing fee in full.

(*Id.* at 3 n.3 (citations omitted).)

Notwithstanding this warning, Swenson paid the action's initial partial filing fee. (*See* Receipt at 1 [ECF No. 16].)

## II.    ANALYSIS

As discussed above, Swenson has applied to proceed IFP in this action. Based on the financial information provided, the Court concludes that Swenson qualifies financially to proceed IFP, and thus grants the IFP Application.

Given that Swenson filed the Amended Complaint, the Court must next determine this action's operative pleading. Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" before certain deadlines. Otherwise, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It is not entirely clear whether the "once as a matter of course" standard applies to attempts to amend a pleading before its service on defendants. As relevant here, however, the Court believes that the standard does apply to a first pre-service attempt to amend. *Cf.* Order 3, *Zongo v. Brott*, No. 21-CV-0407 (PAM/HB) (D. Minn. May 26, 2021). Swensen's Amended Complaint reflects a first pre-service attempt to amend, so the Federal Rules permitted Swenson to submit the Amended Complaint "as a matter of course." The Amended Complaint is therefore this action's operative pleading.

As noted above, the Court is granting the IFP Application. Under 28 U.S.C. § 1915(e)(2)(B)(i), however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." A case is frivolous

when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Prouty v. Dep't of Hum. Servs.*, No. 20-CV-0928 (WMW/DTS), 2020 WL 6888103, at *5 (D. Minn. Oct. 20, 2020) (quoting *Neitzke*), *report and recommendation adopted*, 2020 WL 6875423 (D. Minn. Nov. 23, 2020).  When a complaint lacks any allegations explaining what a given defendant did that creates legal liability, the complaint lacks an arguable basis in fact as to that defendant.  *See, e.g.*, *Prouty*, 2020 WL 6888103, at *5; *Radabaugh v. Corp. Tr. Co.*, No. 17-CV-1559 (JRT/BRT), 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), *report and recommendation adopted*, 2017 WL 4023102 (D. Minn. Sept. 13, 2017).  In this case, the Amended Complaint has no allegations explaining specifically what either Defendant did or failed to do that generates legal liability.  The Court therefore concludes that the Amended Complaint is frivolous as to both Defendants, and thus recommends dismissing this action without prejudice.[2]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1.   Plaintiff Aaron Morris Swenson's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**.

---

[2] This lack of substantive allegations means that the Court could, in the alternative, choose to dismiss this action for failure to state a claim.  Because the lack of *any* allegations against the Defendants better matches the standards for frivolity, however, the Court instead elects to dismiss this action as frivolous.

2.      Swenson must pay the unpaid balance—i.e., $309.35—of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Swenson is confined.

3.      Swenson's Requested Amended Complaint, ECF No. 6, construed as a motion to amend, is **GRANTED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED** without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: July 15, 2021                    s/*Hildy Bowbeer*_____
                                        HILDY BOWBEER
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).